UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JANICE BLACKMAN                                              Index No.:

                Plaintiff,                     **COMPLAINT**

              -*against*-                          **PLAINTIFF DEMANDS**

                                            **TRIAL BY JURY**

THE CITY OF NEW YORK,
POLICE OFFICER JOHN DOE #1,
POLICE OFFICER JOHN DOE #2,
POLICE OFFICER JOHN DOE #3,
POLICE OFFICER JOHN DOE #4,
POLICE OFFICER JOHN DOE #5,
POLICE OFFICER JOHN DOE #6,
POLICE OFFICER JOHN DOE #7,
*and* POLICE OFFICER JANE DOE

The names of the Defendants not the
City of New York being fictitious,
the true names of the Defendants
being unknown to the Plaintiff.

                Defendants,
-------------------------------------------------------------X

      Plaintiff, JANICE BLACKMAN, by her attorneys, Norman Keith White, Kenneth J. Montgomery and Alexis G. Padilla complaining of the Defendants, the CITY OF NEW YORK, Police Officers JOHN DOE 1-7 and Police Officer JANE DOE (referred to collectively as "the Defendants") and upon information and belief alleges as follows:

**PRELIMINARY STATEMENT**

      1.     This is a civil rights action in which the plaintiff, JANICE BLACKMAN, seeks relief for the Defendants' violation of her rights as secured by the Fourth, Fifth and Fourteenth

Amendments to the United States Constitution, the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Constitution of the State of New York. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.  This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3.  Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4.  Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

5.  Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

## PARTIES

6.  Plaintiff is a citizen of full age and resides in Kings County, New York. Plaintiff is also an employee of the New York State Unified Court System where she holds the title of Senior Court Clerk. Plaintiff has been an employee of the Unified Court System for over thirty-five years.

7. Defendants Police Officers JOHN DOE 1-7 and JANE DOE ("the Defendants") are a group of NYPD officers that raided Plaintiff's Nassau Avenue apartment on the morning of February 18, 2015. At all times relevant herein Defendants were duly appointed and acting as officers, servants, employees and agents of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendants acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as officers, agents, servants and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duty. They are sued individually and in their official capacities.

8. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the Defendant Police Officers.

**NOTICE OF CLAIM**

9. Plaintiff timely filed a Notice of Claim with the Comptroller of the City of New York, setting forth the facts underlying Plaintiff's claims against Defendant CITY OF NEW YORK.

10. The City assigned a claim number to Plaintiff's claim, and Plaintiff was subjected to an examination pursuant to N.Y. Gen. Mun. L. Sec. 50-h on February 8, 2016.

11. To date, no answer has been received by Plaintiff and no compensation has been offered by Defendant CITY OF NEW YORK in response to this claim.

12. This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this Complaint.

## STATEMENT OF FACTS

13. On the morning of February 18, 2015 at approximately 6:25 AM Plaintiff was alone in her apartment at 237 Nassau Street in Brooklyn, Kings County, New York.

14. Plaintiff was standing over the stove cooking when she heard a loud bang on the door and then suddenly realized that her door was being batter-rammed.

15. Picture frames and other mementos that were affixed to or positioned near the wall came crashing down.

16. Glass shattered and spread across the floor as the door flew open and the Defendants rushed in with guns drawn.

17. Defendants pointed their guns at Plaintiff and Police Officer JOHN DOE #1, with his gun literally in her face, demanded that Plaintiff put her hands up.

18. Plaintiff complied and put her hands above her head.

19. Defendant Police Officer JOHN DOE #1 then demanded that Plaintiff get down on the ground.

20. Plaintiff was hesitant because she was naked but for her underwear and there was shattered glass all about the floor, but she complied anyway.

21. Once Plaintiff was down, Defendant Police Officer JOHN DOE #2 put his knee into Plaintiff's back and used the force of his body to pin plaintiff to the floor. He then took Plaintiff by the arm and handcuffed her wrists together.

22. Plaintiff stated that her name was Janice Blackman and requested to know who the Defendants were looking for. Defendant Police Officer JOHN DOE #2 responded that they were looking for her.

23. Plaintiff asked if they had a search warrant.

24. Defendants ignored Plaintiff's request.

25. Plaintiff again demanded to know who or what the Defendants were looking for?

26. Defendants Police Officers JOHN DOE #2 and #3 insisted that they were looking for her and demanded to know where Plaintiff was hiding drugs. The Defendants swore and screamed at Plaintiff.

27. Plaintiff insisted she knew nothing of any drugs and informed the Defendants that she lived there alone.

28. The Defendants continued to scream at and question Plaintiff while she lay pressed to the floor in nothing but her underwear until finally Defendant Police Officer JANE DOE noticed that she'd been cut by the shattered glass on the floor.

29. At this point Defendant Police Officer JANE DOE took Plaintiff into the bathroom to clean the cut. She also retrieved some clothes for Plaintiff so that she could cover herself.

30. She then placed Plaintiff, who was still handcuffed, in a chair in her kitchen, where she was forced to watch as the Defendants ransacked her apartment. They kicked in the bedroom door causing damage to the door frame; emptied every closet, cabinet and drawer with

no regard for their contents; overturned Plaintiff's mattresses and even damaged her furniture in search of contraband that was never discovered because it was never present.

31. Throughout this ordeal, Plaintiff demanded to see a search warrant and Defendants repeatedly refused to provide her with a copy of a warrant naming her apartment as a place to be searched.

32. After overturning her apartment and finding nothing illegal, the Defendants questioned Plaintiff about certain individuals and in the course of this questioning it became clear that these individuals lived in a different apartment on the same floor.

33. Upon information and belief, the Defendants then went and conducted a raid of this other apartment.

34. While this went on Plaintiff remained handcuffed in her apartment, the entirety of which had been overturned and combed through by the Defendants for approximately one (1) hour and forty minutes until finally Defendant Police Officer #4 looked into her purse and discovered her Court issued badge and identification card.

35. Defendant Police Officer JOHN DOE #1 asked Plaintiff where exactly she works and what she does and she told him that she holds the position of Senior Court Clerk at 120 Schermerhorn Street in Brooklyn.

36. The Defendants must have realized that they were detaining Plaintiff without justification or reason because they immediately removed the handcuffs from Plaintiff's wrists and quickly exited from her apartment, offering only scant apologies and little by way of remorse other than a change in their attitude.

37. Defendants left Plaintiff in a state of shock and terror sitting in the middle of an apartment that had been completely destroyed.

38. Plaintiff was embarrassed and humiliated before her neighbors, who looked into her apartment and saw the door off its hinges and her belongings ruined or strewn about.

39. Since the incident, Plaintiff has experienced high levels of stress and anxiety related to this encounter.

40. Plaintiff has no arrest record or criminal history and has never been involved with drugs in any capacity.

### AS FOR A FIRST CAUSE OF ACTION

*Deprivation of Rights Protected under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983*

41. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

42. At all times during the events described above the Defendants lacked probable cause to enter into and search Plaintiff's home.

43. At all times during the events described above the Defendants lacked probable cause to detain and arrest Plaintiff.

44. All of the aforementioned acts of the Defendants were carried out in concert and with the intention of depriving Plaintiff of her constitutional rights.

45. All of the aforementioned acts of the Defendants were carried out under the color of state law and by the Defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

46. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983, including but not limited to the right to be free from unreasonable search and seizure,

excessive force, false arrest and deprivation of liberty without due process of law.

## SECOND CAUSE OF ACTION

*Failure to Intervene under 42 U.S.C. § 1983*

47. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

48. The Defendant Police Officers are liable for the above-stated actions of their co-defendants due to their failure to intervene and stop the use of excessive force and illegal detention against Plaintiff when Defendants knew or should have known that Plaintiff's rights were being violated.

49. The Defendant Police Officers each had a duty to intervene to prevent an obvious violation of rights by a fellow officer.

50. The Defendant Police Officers each had a reasonable opportunity to intervene.

51. The Defendant Police Officers each failed to intervene to prevent the violation of Plaintiff's rights.

52. As a direct and proximate result of the Defendant Police Officers' failure to intervene Plaintiff suffered injuries and damages as stated herein.

## THIRD CAUSE OF ACTION

*Municipal Liability under 42 U.S.C. § 1983 against the City of New York*

53. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

54. The CITY OF NEW YORK directly caused the constitutional violations suffered by Plaintiff, and is liable for the damages suffered by Plaintiff as a result of the conduct of the Defendant Police Officers. The conduct of the Defendant Police Officers was a direct

consequence of inadequate training and supervision of police officers by Defendant CITY OF NEW YORK and its agent, the New York Police Department.

55. At all times relevant to this complaint Defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a group of police officers to batter-ram a citizen's door, invade their home with guns drawn, ransack their belongings and then simply leave when it became apparent that this was not the place they thought it was – all in flagrant violation of their sworn oath to uphold the Constitution.

56. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

57. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

58. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of Plaintiff's rights alleged herein.

## FOURTH CAUSE OF ACTION

### *Negligence*

59. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

60. Defendant Police Officers, while acting as agents and employees for Defendant CITY OF NEW YORK, owed a duty to Plaintiff to perform their police duties with a high level of caution.

61. The failure of the Defendant Police Officers to exercise the requisite level of caution when they decided to batter-ram Plaintiff's door, place her under arrest and ransack her apartment without probable cause constitutes negligence for which all Defendants are jointly and separately liable.

62. As a result of the acts and conduct of the Defendant Police Officers, Plaintiff suffered the injuries and damages as described herein.

## FIFTH CAUSE OF ACTION

### *Negligent Infliction of Emotional Distress*

63. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

64. The conduct of the Defendant Police Officers was careless and negligent as to the emotional health of Plaintiff, and caused severe emotional distress to Plaintiff.

65. The conduct of the Defendant Police Officers was the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66. As a result of the acts and conduct of the Defendant Police Officers, Plaintiff was subjected to serious emotional pain and suffering, and was otherwise damaged and injured.

## SIXTH CAUSE OF ACTION

*Negligent Supervision, Retention and Training*

67. Plaintiff hereby restates all of the above stated paragraphs of this complaint, as though fully set forth below.

68. The Defendant CITY OF NEW YORK negligently trained, retained, and supervised the Defendant Police Officers. The acts and conduct of the Defendant Police Officers were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69. As a result of acts and conduct of the CITY OF NEW YORK, Plaintiff suffered injuries and damages as described herein.

## SEVENTH CAUSE OF ACTION

*Assault and Battery*

70. Plaintiff hereby restates all of the above stated paragraphs of this complaint, as though fully set forth below.

71. By pointing their guns at Plaintiff even after it was clear that she posed no threat and by forcing her to lay face down on top of broken glass, the Defendants inflicted the torts of assault and battery upon Plaintiff. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72. Defendants' acts constituted an assault upon Plaintiff in that Defendant Police Officers intentionally aimed their guns at Plaintiff putting her in immediate apprehension.

73. Defendants' acts constituted a battery upon Plaintiff in that the above described bodily contact was intentional, unauthorized, and grossly offensive in nature.

74. The actions of Defendant Police Officers were intentional, reckless, and unwarranted and without any just cause or provocation and they knew or should have known that their actions were without the consent of Plaintiff.

75. The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct described and Plaintiff did not contribute thereto.

76. As a result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff suffered the injuries complained of herein.

## EIGTH CAUSE OF ACTION

*Trespass*

77. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

78. The Defendant Police Officers did knowingly, willingly and with specific intent invade Plaintiff's home with neither permission nor legal justification.

79. By invading Plaintiff's home the Defendant Police Officers interfered with Plaintiff's exclusive possession of the property.

80. As a result of this invasion and interference, Plaintiff suffered damages as described herein.

## NINTH CAUSE OF ACTION

*Trespass to Chattels*

81. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

82. The Defendant Police Officers did knowingly, willingly and with specific intent interfere with Plaintiff's right of possession to personal property when they batter-rammed her

door down and ransacked her apartment causing an unascertainable amount of damage to Plaintiff's personal belongings, including but not limited to her most cherished and private possessions.

83. As a result of the conduct of the Defendant Police Officers, Plaintiff suffered injuries and damages as described herein.

## TENTH CAUSE OF ACTION

*Intentional Infliction of Emotional Distress*

84. The invasion of Plaintiff's home, her unlawful detention and the ransacking of her home without justification, was extreme, outrageous and utterly intolerable in a civilized community; conduct which exceeded all reasonable bounds of decency.

85. The Defendant Police Officers acts and conduct as described above was intended to and did cause severe emotional distress to Plaintiff.

86. The acts and conduct of the Defendant Police Officers were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

87. As a result of the foregoing, Plaintiff was subjected to serious emotional pain and suffering, and was otherwise damaged and injured.

## ELEVENTH CAUSE OF ACTION

*Respondeat Superior against Defendant City of New York*

88. The acts and conduct of the Defendant Police Officers alleged herein occurred while the defendants were on duty and in uniform, in and during the course and scope of their duties and functions as New York City police officers, and while they were acting as agents,

officers, servants and employees of Defendant CITY OF NEW YORK, which as a result, is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

**WHEREFORE,** Plaintiff demands relief jointly and severally against all of the Defendants for compensatory damages in the amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 02/09/2016
Brooklyn, NY

By: _____
Alexis G. Padilla, Esq. [AP8285]
Of Counsel to Norman Keith White and
Kenneth J. Montgomery, PLLC
*Attorneys for Plaintiff*
*Janice Blackman*
198A Rogers Avenue
Brooklyn, NY 11225